[No. 22809. Department One. May 12, 1931.]

FRED GIEM *et al., Respondents,* v. SAM SELLINAS *et al., Appellants.*[1]

*Robertson & Smith,* for appellants.

MITCHELL, J.—R. D. Anderson and wife owned a farm of seven hundred twenty acres in Pend Oreille county, forty acres of which they leased, by oral agreement, in March, 1929, to Fred Giem and his wife for the raising of hay that year. When the lessees attempted to harvest the hay in July, the defendants Sellinas and wife, who, in the meantime, had taken possession of the farm under a real estate contract, refused to let them cut the hay. Giem and wife brought this action to recover damages. Upon, issues framed, the case was tried to a jury, which returned

[1]Reported in 298 Pac. 711.

570

a verdict for the plaintiffs. The defendants have appealed from a judgment on the verdict.

There was only one dwelling house on the place. It was occupied by Anderson and wife until they surrendered possession to appellants. Respondents lived several miles from the farm, and, from May 1 to May 20, cultivated the forty acres, including harrowing and seeding fourteen acres of it to oats. Under date of May 28, 1929, appellants entered into a written executory real estate contract with Anderson and wife for the purchase of the whole farm, under which contract the purchasers took possession on June 13, 1929, and were in possession when they refused to let respondents cut the hay.

Appellants claim that the court erred in denying their motions, one for non-suit at the close of plaintiffs' case, and the other for a directed verdict at the close of the entire case, because of the insufficiency of the evidence to sustain any verdict or judgment for the plaintiffs.

There was no error in this respect. Mr. Anderson testified that, prior to the date of his contract of sale to the appellants, and while the respondents were working on the forty acres, Mr. Sellinas came to the farm. He testified:

"Mr. Sellinas was there at that time with me where he could also see somebody discing this particular piece of ground; that was before we entered into the agreement with Mr. Sellinas."

Both of the respondents testified that, about the time of the controversy over cutting the hay, Mr. Sellinas admitted to them that he knew this piece of hay land was rented, that "he had seen Oscar [son of respondents] working in the field when Mr. Anderson showed him the place." Mr. Sellinas denied making any such statement, thus presenting a question for the jury.

■ Under the evidence as the case went to the jury, there was no proof that the respondents, during the year 1929, continued in the open and continuous, actual possession of the forty acres, but in submitting their case to the jury, they relied on actual notice to the appellants of respondents' rights to the forty acres, as heretofore outlined. It was that proof that called for the denial of their motion for a non-suit or directed verdict. Under these circumstances, appellants requested an instruction substantially to the effect that the verdict should be for the defendants, notwithstanding the oral lease to the plaintiffs, unless the jury found by a preponderance of the evidence that the defendants Sellinas had actual notice of the lease. The refusal to give this or similar instruction constituted reversible error, in our opinion.

Other assignments of error are either not well taken or disposed of by the views we have expressed on the specific instruction refused.

Reversed, with directions to grant a new trial.

TOLMAN, C. J., HOLCOMB, PARKER, and MAIN, JJ., concur.